Michelle SPRAGUE, a minor bnf Jack Sprague et al., Appellants,

v.

MEMORIAL BAPTIST HOSPITAL SYSTEM, Appellee.

No. 17257.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 4, 1979.

Rehearing Denied Feb. 8, 1979.

John H. Holloway, Houston, for appellants.

Butler, Binion, Rice, Cook & Knapp, Michael Connelly, Richard E. Gray, III, Houston, for appellee.

WALLACE, Justice.

Minor appellant Michelle Sprague BNF Jack Sprague appeals from the granting of summary judgment in favor of Memorial Hospital System, based on the defense of charitable immunity.

Minor appellant was born at Memorial Baptist Hospital on August 22, 1963. She was immediately admitted as a patient and remained until August 25, 1963 at which time she and her mother were discharged. Both Michelle and her mother were paying patients at the appellee hospital. At the time of minor appellant's birth, there existed a test for phenylketonuria, which test was not performed on the minor appellant. As a result of phenylketonuria, which remained undetected and untreated for several years, the minor appellant is permanently retarded.

Appellee alleges two points of error; first, that the doctrine of charitable immunity is inapplicable to a paying patient, and second, that the doctrine of charitable immunity is inapplicable to the cause of action of a minor, which cause of action arose during minority and was filed subsequent to March 9, 1966. We will consider the points of error in that order.

The first point was considered by the Supreme Court in *Southern Methodist University v. Clayton*, 142 Tex. 179, 176 S.W.2d 749, 750 (1943). The plaintiff in that case was a paying customer at a college football game on the S.M.U. campus. The injury giving rise to the cause of action occurred when temporary bleachers erected by the University and maintained by them collapsed. The Supreme Court held that in applying the doctrine of charitable immunity, no distinction should be made between beneficiaries of the charity and strangers thereto. Therefore, appellants first point of error is overruled.

Appellant's second point of error challenges the trial court's application of the doctrine of charitable immunity to the cause of action of a minor which was filed subsequent to March 9, 1966. This date is

important because on that date the Supreme Court denied the Motion for Rehearing in *Watkins v. Southcrest Baptist Church,* 399 S.W.2d 530, 535–536 (1966). In *Watkins,* the Supreme Court expressed concern about the continued application of the doctrine of charitable immunity in Texas and, in effect, warned that the doctrine might well be reexamined at a later date and possibly abrogated. In 1971, the Supreme Court in *Howle v. Camp Amon Carter,* 470 S.W.2d 629, 630 (1971) did in fact reconsider the doctrine of charitable immunity and abrogated it as to all causes of action "arising from events which occurred subsequent to March 9, 1966."

The only contact between appellants and the appellee hospital necessarily occurred between August 23 and August 25, 1963. Therefore, the events which gave rise to the present cause of action against the appellee hospital necessarily occurred prior to March 9, 1966. This being so, the doctrine of charitable immunity is applicable in this manner. The judgment of the trial court is affirmed.